**\IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| J. STEVEN MANNING | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 08-1746 |
| | : | |
| v. | : | |
| | : | |
| ARDEX, L.P., | : | |
| | : | |
| Defendant. | : | |

BUCKWALTER, S. J. June 16, 2008

**MEMORANDUM**

Presently before the Court are Defendant Ardex, L.P.'s Motion to Dismiss, to Compel Arbitration, and to Transfer Venue (Docket No. 7), and Plaintiff J. Steven Manning's Answer thereto (Docket No. 16); and Plaintiff's Supplemental Submission in Opposition to Defendant's Motion to Compel Arbitration (Docket No. 18), Defendant's Supplemental Memorandum in Support of Motion to Compel Arbitration (Docket No. 19), and Plaintiff's Surreply (Docket No. 20). For the reasons stated below, Defendant's Motion to Dismiss, to Compel Arbitration, and to Transfer Venue is denied in all respects.

## I. INTRODUCTION

This cause of action was initiated following Plaintiff's termination from Defendant Ardex, L.P. in March of 2008. Plaintiff had been recruited and hired by Defendant in January 2005 as Defendant's President and Chief Executive Officer, and contracted to remain in said position through December 31, 2009. (Compl. ¶ 5.) Plaintiff's employment agreement was amended twice by letter agreements dated February 21, 2007 and December 20, 2007. (Id. ¶ 5.)

Plaintiff's employment agreement also contained extensive noncompetition and arbitration provisions.

On March 11, 2008, Plaintiff was fired "with cause," and subsequently notified by Defendant that he was "terminated for willfully misleading senior management about the search for someone to fill the position of Vice President, Operations," which constituted a contractual basis for terminating employment in accordance with Plaintiff's employment agreement. (Id. ¶ 11.) Plaintiff contends that the stated reason for his termination did not occur, and even if it had, it is not a basis constituting a "for cause" firing as defined by his employment agreement. Therefore, he argues that Defendant materially breached their agreement with respect to a number of provisions. (Id. ¶¶ 12-14.)

Plaintiff thus filed a Complaint seeking a declaratory judgment and requesting injunctive relief. In his claim for declaratory relief, Plaintiff requests the Court to declare that (1) Defendant materially breached the agreement, (2) Plaintiff has not violated the provisions of the agreement relating to firing for cause as charged by Defendant, (3) Defendant may not enforce against Plaintiff the restrictions or prohibitions set forth in the noncompetition provision of the agreement, and (4) the Court's order is without prejudice to Plaintiff's rights to seek damages from Defendant for its alleged breach of the agreement. (Id. ¶ 22.) In his claim for injunctive relief, Plaintiff asks the Court to enjoin Defendant from (1) communicating with any third party that Plaintiff breached his employment agreement with Defendant, and (2) seeking to restrict and/or impair Plaintiff from obtaining employment or otherwise acting to enforce the noncompetition agreement. (Id. ¶ 25.)

In response to Plaintiff's Complaint, Defendant filed a Motion to Dismiss arguing (1) that Plaintiff's claims must be submitted to arbitration, (2) Plaintiff has failed to plead claims seeking an amount equal to or exceeding $75,000.00, and (3) requesting change of venue.

**II. STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) is granted where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This motion "may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to [the] plaintiff, [the] plaintiff is not entitled to relief." Maio v. Aetna, Inc., 221 F.3d 472, 481 (3d Cir. 2000) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997)) (citations omitted). A court must accept all of the plaintiff's allegations as true and draw all reasonable inferences in his favor. Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004).

**III. DISCUSSION**

**A. Arbitration**

Defendant argues that the arbitration provision and noncompetition provision of Plaintiff's employment agreement warrant dismissal of this action, or alternatively, require the Court to compel arbitration. Motions to compel arbitration are reviewed under the summary judgment standard set forth in Fed. R. Civ. P. 56(c). Bellevue Drug Co. v. Advance PCS, 333 F. Supp. 2d 318, 322 (E.D. Pa. 2004). "Therefore, movants must prove through 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(c)). The Court must consider all of

the non-moving party's evidence and construe all reasonable inferences in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Versarge v. Twp. of Clinton N.J., 984 F.2d 1359, 1361 (3d Cir. 1993).

The parties do not dispute the validity of the employment agreement. Rather, it is the interpretation of the noncompetition and arbitration provisions that are at issue. The noncompetition provision of Plaintiff's employment agreement provides in pertinent part:

> The Executive hereby acknowledges and agrees that the claim for the payment of any damages for breach of the provisions herein contained *shall not preclude the Company* from seeking injunctive or such other forms of relief as may be obtained in a court of law or equity, and that *the Company*, in lieu of or in addition to the remedy of damages, *may seek injunctive relief prohibiting the Executive from breaching the provisions of this Agreement*. The Executive hereby acknowledges and warrants that his experience and capabilities are such that he will be fully able to earn an adequate livelihood for himself and his dependents if this Section should be specifically enforced against him.

(Compl. Ex. A, Employment Agreement dated January 31, 2005, § 5. (emphasis added by Defendant in its Memorandum.))

Plaintiff's employment agreement also contains an arbitration provision, providing that:

> Any disagreement or claim (*other than a claim for injunctive relief*) arising out of or relating to this Agreement, or the breach thereof, or its termination shall be submitted to arbitration pursuant to the provisions of the Uniform Arbitration Act, 42 Pa.C.S.A. §7301 et seq. in Pittsburgh, Pennsylvania in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof.

(Id. at § 6. (emphasis added.))

Defendant contends that these sections together result in Plaintiff having agreed to arbitrate all disputes and only Defendant having the right to seek injunctive relief. Defendant

cites case law supporting the notion that there is a strong federal policy in favor of compelling arbitration over litigation (see Def.'s Supplemental Mem. in Supp. of Mot. to Compel Arbitration 6 (citing Factor v. Societe Generale North America, Inc., No. 06-3480, 2006 WL 1418609, *2 (S.D. N.Y. 2006)); Sandvik AB v. Advernt Int'l Corp., 220 F.3d 99, 104 (3d Cir. 2000)) and that doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration (see id. at 5 n.4 (citing Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24-25 (1983))).

While the Court does not dispute the cases cited by Defendant regarding the scope of arbitration clauses, Defendant's application of the facts here is flawed. As Plaintiff contends, Defendant's argument "wrongfully presumes that the contract language is ambiguous or somehow subject to more than one reasonable interpretation." (Pl.'s Sur Reply 1.) An order compelling arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960).

> Positive assurance is not, however, absolute certainty. Even as it applies the presumption of arbitrability, however, a district court must still determine, and honor, what appears to be most consistent with the intent of the parties, on the theory that arbitration clauses are creatures of contract, and, as a matter of contract, no party can be forced to arbitrate unless that party has entered into an agreement to do so.

Berkery v. Cross Country Bank, 256 F. Supp. 2d 359, 365-366 (E.D. Pa. 2006) (internal citations omitted).

In the present case, Section 6 of Plaintiff's Employment agreement clearly states that claims for injunctive relief are not arbitrable. That provision reads, "[a]ny disagreement or

claim (other than a claim for injunctive relief) arising out of or relating to this Agreement, or the breach thereof, or its termination shall be submitted to arbitration." (Compl. Ex. A, § 6.) The language is clear and Defendant's attempts to interpret Section 5 to conclude that only Defendant can seek injunctive relief is unsupported.[1] There is no ambiguity in the arbitration provision excluding Plaintiff's right to seek injunctive relief.

Defendant cites Eaton Vance Management v. ForstmanLeff Associates, LLC, No. 06-1510 (S.D.N.Y. 2006) in an effort to support its claim, but the Court finds that case distinguishable. The facts in Eaton Vance are similar in that a former employee was filing suit against her former employer seeking, inter alia, an injunction prohibiting enforcement of a non-compete agreement. The arbitration provision of the employment agreement stated that, "[a]ny controversy or claim arising out of or relating to this Agreement, or the breach hereof, other than claims for specific performance or injunctive relief pursuant to Section 8 hereof, shall be settled by arbitration." Id., at *5. Because the referenced Section 8 provided only for the employer to have the right to initiate proceedings in a court in addition to, and not in lieu of, its right to arbitrate issues of specific performance and injunctive relief, the claims asserted by the former employee were subject to binding arbitration. Id.

Unlike the facts in Eaton Vance, the arbitration provision that the parties contracted for here clearly carves out claims for injunctive relief without reference to other provisions in the employment agreement. The carve out is not limited to Section 5 language as Defendant suggests, nor is it limited in any other way. Therefore, it would be inappropriate for

---

[1]The Court further notes that the plain language of Section 5 in no way limits Plaintiff's right to pursue injunctive relief.

the Court to compel arbitration, when the contracted for arbitration provision specifically excludes claims for injunctive relief. Accordingly, Defendant's Motion to dismiss based on the arbitration provision, or in the alternative, to compel arbitration, is denied.

**B. Amount in Controversy and Venue**

With respect to Defendant's Motion to dismiss based on amount in controversy and Defendant's Motion to transfer venue, the Court agrees with the analysis of Plaintiff and therefore denies those Motions of Defendant as well.

## IV. CONCLUSION

For the reasons stated, Defendant's Motion to dismiss, to compel arbitration, and to transfer venue is denied in all respects. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| J. STEVEN MANNING | : | Civil Action No. |
| | : | |
| Plaintiff, | : | 08-1746 |
| | : | |
| v. | : | |
| | : | |
| ARDEX, L.P., | : | |
| | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this 16th day of June, 2008, upon consideration of Defendant's Motion to Dismiss, to Compel Arbitration, and to Transfer Venue (Docket No. 7), and Plaintiff's Answer thereto (Docket No. 16); and Plaintiff's Supplemental Submission in Opposition to Defendant's Motion to Compel Arbitration (Docket No. 18), Defendant's Supplemental Memorandum in Support of Motion to Compel Arbitration (Docket No. 19), and Plaintiff's Sur Reply (Docket No. 20); it is hereby **ORDERED** that Defendant's Motion to Dismiss, to Compel Arbitration, and to Transfer Venue is **DENIED IN ALL RESPECTS**.

BY THE COURT:

***s/ Ronald L. Buckwalter***
RONALD L. BUCKWALTER, S. J.